IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-175-D
No. 5:14-CV-872-D

|  |  |  |
|---|---|---|
| JASMINE HARGROVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 8, 2014, Jasmine Hargrove ("Hargrove") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her 121-month sentence [D.E. 35]. On March 17, 2015, the government filed a motion to dismiss and/or for summary judgment concerning Hargrove's section 2255 motion [D.E. 42] and filed a memorandum in support [D.E. 43]. Hargrove did not file a response.[1] As explained below, the court grants the government's motion for summary judgment and dismisses Hargrove's section 2255 motion.

I.

On August 26, 2013, Hargrove pleaded guilty, pursuant to a written plea agreement [D.E. 27], to conspiracy to distribute and possess with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 846. See Rule 11 Tr. [D.E. 45] 19, 22. On December 5, 2013, at Hargrove's sentencing hearing, the court calculated Hargrove's advisory guideline range as 97 to 121 months' imprisonment based on a total offense level of 29 and a criminal history category II. See

---

[1] On November 17, 2015, Hargrove filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. See [D.E. 47]. The government has not yet responded. Thus, the court does not address this motion.

Sentencing Tr. [D.E. 41] 7–8. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Hargrove's allocution, the court sentenced Hargrove to 121 months' imprisonment. See id. 19–23. On December 5, 2013, the court entered judgment. See [D.E. 33].

Hargrove did not appeal, and her time to do so expired on December 20, 2013. See Fed. R. App. P. 4(b)(1)(A)(i). On December 8, 2014, Hargrove filed her section 2255 motion. See [D.E. 35]. Hargrove makes three claims: (1) Hargrove did not knowingly enter her guilty plea because her counsel did not inform her that her sentence would include a gun enhancement under U.S.S.G. § 2D1.1(b)(1); (2) counsel was ineffective by leading Hargrove to believe that Hargrove "could not file a direct appeal;" and (3) counsel was ineffective because Hargrove received a higher sentence than her co-conspirator Mercedes Christmas-McKinnie. See [D.E. 35] 3–5. On March 17, 2015, the government filed a motion to dismiss and/or for summary judgment. See [D.E. 42].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Hargrove of the government's motion to dismiss and/or for summary judgment, the consequences of failing to respond, and the response deadline. See [D.E. 44]. Hargrove did not respond. In this procedural posture, the parties are on notice of the court's ability to convert the motion to dismiss into a motion for summary judgment. See, e.g., Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260–61 (4th Cir. 1998); Sager v. Hous. Comm'n of Anne Arundel Cty., 855 F. Supp. 2d 524, 542 (D. Md. 2012); Harlow v. Stansberry, No. 2:08CV558, 2009 WL 2496528, at *2 (E.D. Va. Aug. 14, 2009) (unpublished).

Summary judgment is appropriate when the record, taken as a whole, reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment must determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott, 550 U.S. at 378.

In reviewing a summary judgment motion, the court is not limited to the motion itself. Rather, it considers "the record as a whole." Dulaney v. Packaging Corp. of America, 673 F.3d 323, 330 (4th Cir. 2012); see Fed. R. Civ. P. 56; see also 28 U.S.C. § 2255(b) (noting that a court reviewing a section 2255 petition considers "the files and records of the case"); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993). The court also may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The appellate waiver in Hargrove's plea agreement bars Hargrove's first claim. In her plea agreement, Hargrove agreed "to waive any right to contest [her] conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Hargrove] at the time of [her] guilty plea." Plea Agreement [D.E. 27] ¶ 2.c.

An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate

3

waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At her Rule 11 hearing, Hargrove stated under oath that she had consulted with her counsel about the charge to which she was pleading guilty, that she was fully satisfied with her counsel's performance, that she was not on any medication, and that no one had threatened her or anyone else or made any promises to her or anyone else. See Rule 11 Tr. 12–13, 18. Hargrove also swore that she understood the charge to which she was pleading guilty and understood the maximum penalties provided for that charge, including a maximum of 240 months' imprisonment. See id. 16, 17. Hargrove also swore that she understood all the trial rights that she had and that she would be waiving if she pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 4–7, 13, 17, 20–21. Hargrove also swore that she had read and discussed her plea agreement with her lawyer, that she understood each term in her plea agreement, and that the plea agreement constituted the entire agreement between Hargrove and the government. See id. 19. The court then read Hargrove's appellate waiver aloud to her, and Hargrove swore that she understood the rights she was giving up in the waiver. See id. 19–20. Hargrove also swore that she understood the sentencing process, that any estimate of her sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of her advisory guideline range or sentence would not allow her to withdraw her guilty plea, and that the court could sentence her up to the statutory maximum of 240 months' imprisonment. See id. 17–18, 20.

4

At the end of her Rule 11 hearing, Hargrove pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 22–24. The court then accepted Hargrove's guilty plea. See id. 24.

In light of the Rule 11 colloquy, Hargrove's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. Hargrove agreed "to waive any right to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Hargrove] at the time of [her] guilty plea." Plea Agreement ¶ 2.c. Hargrove's claim that she did not knowingly plead guilty because her counsel did not tell her that her sentence would include a gun enhancement falls within the scope of her appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Hargrove's waiver and dismisses her first claim.

Alternatively, Hargrove procedurally defaulted this claim. Hargrove failed to raise this claim on direct appeal, thus the general rule of procedural default bars Hargrove from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Hargrove has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which she now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, the court's application of the gun enhancement under U.S.S.G. § 2D1.1(b)(1) in calculating Hargrove's advisory guideline range does not amount to a miscarriage of justice

5

warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015). Notably, when this court sentenced Hargrove, the guidelines were advisory, and Hargrove received a sentence that was below the statutory maximum. On these facts, Hargrove cannot obtain relief concerning the gun enhancement under section 2255. See id.

As for Hargrove's two ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Hargrove must show that her attorney's performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

The Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . [']( 1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller

6

v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id.; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

In her first ineffective-assistance claim, Hargrove contends that counsel was ineffective by "leading [Hargrove] to believe" that she could not file a direct appeal. See [D.E. 35] 4. Hargrove's motion does not state when her counsel allegedly led her to believe that she could not file a direct appeal. Id. In response to Hargrove's motion, Hargrove's former counsel filed an affidavit. See [D.E. 43-1]. In the affidavit, counsel states:

> 10. On December 5, 2013, I was in court with Ms. Hargrove for sentencing. Ms. Hargrove's advisory guideline sentencing range was 97 to 121 months imprisonment. Ms. Hargrove was sentenced to a term of imprisonment of 120 [sic] months. In a conversation with Ms. Hargrove following sentencing, Ms. Hargrove indicated she did not wish to appeal and signed a handwritten statement to that effect. See attached Exhibit C: Handwritten Statement.

7

11. It has never been my practice to advise a client to enter an appeal or not enter an appeal. If asked to file an appeal for a client I do so. In this matter Ms. Hargrove, in writing, indicated I had explained her appellate rights to her as I did and she did not wish to appeal.

12. I have not heard from Ms. Hargrove, any family member or any other person on her behalf, by either telephone call or letter, indicating any change in her desire to not enter notice of appeal since last seeing Ms. Hargrove on December 5, 2013.

13. As reflected in the case analysis and during the review of the Memorandum of Plea, Ms. Hargrove and I discussed her option to appeal, the effect the appeal waiver in the Memorandum of Plea would have on her future chances on appeal and the potential firearm enhancement that might occur at sentencing. It is not my practice to advise a client to appeal or not appeal but is my practice to discuss the appellate process and, if asked, I will give an opinion on the chances of succeeding on appeal. I would not have advised Ms. Hargrove that it would be best not to appeal but would only have explained her appellate options and, if asked, given an opinion on her chances of prevailing on appeal especially in light of the appellate waiver provision. The decision to appeal was totally that of Ms. Hargrove only. Had Ms. Hargrove, any family member or associate of Ms. Hargrove notified my office or me that she wished to file notice of appeal I would have filed such notice despite the signed note in my file indicating she did not wish to appeal. I have not heard from Ms. Hargrove in any manner or from anyone on her behalf since December 5, 2013 when she informed me she did not wish to appeal until I was made aware of this Motion under Title 28, USC § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.

[D.E. 43-1] ¶¶ 10–13. Counsel attached to her affidavit a copy of a document that Hargrove signed after sentencing on December 5, 2013. See [D.E.43-1] 12. The document states, "Appeal rights explained to me by my attorney[.] Do not wish to appeal. 12-5-13." Id.

Where affidavits directly conflict concerning whether counsel failed to file a notice of appeal as directed, a court considering a habeas petition should hold an evidentiary hearing. See, e.g., United States v. Diaz, 547 F. App'x 303, 304 (4th Cir. 2013) (per curiam) (unpublished); United States v. Wright, 538 F. App'x 237, 237–38 (4th Cir. 2013) (per curiam) (unpublished); United States v. Matthews, 239 F. App'x 806, 807 (4th Cir. 2007) (per curiam) (unpublished). Nonetheless, a court need not hold an evidentiary hearing if "the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see Strong v. Johnson, 495 F.3d 134, 139–40 (4th Cir. 2007); United States v. White, 366 F.3d 291, 296–97 (4th Cir. 2004); Witherspoon, 231 F.3d at 925–26; United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010); Eagle v. United States, 876 F. Supp. 2d 1090, 1102–1103 (D.S.D. 2012) (To be entitled to an evidentiary hearing, "a petitioner must 'allege facts which, if true, would entitle him to relief; merely stating unsupported conclusions will not suffice.'" (quoting Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978) (per curiam))).

On December 5, 2013, after sentencing Hargrove to 121 months' imprisonment, this court advised Hargrove of her appellate rights, told her that in the court's opinion that she had waived her right to appeal her sentence due to the appellate waiver in her plea agreement, but also told her that if she believed the appellate waiver was unenforceable or inapplicable, then she had to file any notice of appeal within 14 days of the judgment being entered on the docket in her case. See Sentencing Tr. 23. Moreover, based on counsel's affidavit and the document that Hargrove signed on December 5, 2013, which states in writing that Hargrove consulted with her counsel about her appellate rights after sentencing and that Hargrove did not wish to appeal, counsel did consult with Hargrove concerning her appellate rights. Hargrove chose not to appeal, and counsel complied with Hargrove's choice. On this record, there was no ineffective assistance of counsel, and no evidentiary hearing is necessary. See, e.g., Flores-Ortega, 528 U.S. at 478–81. Accordingly, the court grants summary judgment to the government on Hargrove's first ineffective-assistance claim.

As for Hargrove's second ineffective-assistance claim, Hargrove contends that her counsel was ineffective because Hargrove received a higher sentence than co-conspirator Mercedes Christmas-McKinnie (who received a 48-month sentence). See [D.E. 35] 5. Hargrove, however,

9

was not similarly situated with Christmas-McKinnie, who cooperated after receiving a target letter, pleaded guilty to a criminal information, received a motion under U.S.S.G. § 5K1.1, and was less involved in illegal activity than Hargrove. Furthermore, Hargrove's counsel had no control over the sentence that Christmas-McKinnie received. Moreover, during Hargrove's sentencing hearing, Hargrove's counsel did place Hargrove's conduct within the context of the larger conspiracy, and Hargrove did receive a lower sentence than some of her co-conspirators. See Sentence Tr. 9–12; PSR ¶¶ 4–10. Counsel's argument at sentencing concerning Hargrove's co-conspirators was a tactical one entitled to deference. See, e.g., Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009); Guarascio v. United States, 996 F. Supp. 2d 406, 412 (E.D.N.C.), appeal dismissed, 583 F. App'x 288 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, Hargrove's counsel did not render ineffective assistance, and Hargrove's second ineffective-assistance claim fails.

After reviewing the claims presented in Hargrove's motion, the court finds that reasonable jurists would not find the court's treatment of Hargrove's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 42], DISMISSES Hargrove's section 2255 motion [D.E. 35], and DENIES a certificate of appealability.

SO ORDERED. This 25 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

Case 5:13-cr-00175-D   Document 48   Filed 11/25/15   Page 10 of 10