IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-175-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASMINE HARGROVE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 26, 2013, pursuant to a written plea agreement, Jasmine Hargrove ("Hargrove") pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of heroin. See [D.E. 27]; [D.E. 45] 19, 22. On December 5, 2013, the court held Hargrove's sentencing hearing. See Sentencing Tr. [D.E. 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 30]. See Sentencing Tr. at 7–8. The court calculated Hargrove's total offense level to be 29, her criminal history category to be II, and her advisory guideline range to be 97 to 121 months' imprisonment. See id. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hargrove to 121 months' imprisonment and three years' supervised release. See id. at 19–23; [D.E. 33] 2–3.

On November 17, 2015, Hargrove moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 47]. On February 8, 2016, the government responded. See [D.E. 51]. On November 4, 2016, Hargrove filed a pro se motion for a sentence reduction under Amendment 794 to the Sentencing Guidelines. See [D.E. 52].

Hargrove's new advisory guideline range under Amendment 782 is 78 to 97 months'

imprisonment, based on a total offense level of 27 and a criminal history category of II. See Resentencing Report. Hargrove requests a 97-month sentence based on her post-sentencing conduct. See id.; [D.E. 47].

The court has discretion to reduce Hargrove's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Hargrove's sentence, the court finds that Hargrove engaged in serious criminal behavior involving heroin and firearms from October 2011 until February 23, 2012. During this time, Hargrove was associated with a violent gang called the Money Mob Gang. See PSR ¶ 11. Moreover, Hargrove is a recidivist, with convictions for larceny, simple possession of a schedule VI controlled substance, and possession of drug paraphernalia (two counts). See id. ¶¶ 23–25. Hargrove also has performed poorly on supervision and essentially has no work history. See id. ¶¶ 1–18, 23–25, 40–47. Finally, Hargrove has taken some positive steps while incarcerated on her federal sentence. See [D.E. 47] 4; Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Hargrove received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Hargrove's sentence would threaten public safety in light of her serious

criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Hargrove's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

As for Hargrove's motion under Amendment 794, U.S.S.G. § 1B1.10(d) lists the amendments that receive retroactive application. See U.S.S.G. § 1B1.10(d). That list "does not include Amendment 794." United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished); see United States v. Brewton, No. 16-7709, 2017 WL 1242007, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished). Thus, the court denies Hargrove's motion under Amendment 794.

In sum, the court DENIES Hargrove's motions for reduction of sentence [D.E. 47, 52].

SO ORDERED. This 19 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge